UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| RUTH CASTRO URIBE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:22-cv-637-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| CYNTHIA RAMSER, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

This matter is before the Court on the Motion to Dismiss filed by Defendants Cynthia Ramser, Tom Ramser, and EER Investments, LLC. [R. 10]. Plaintiff Ruth Castro Uribe failed to file a response and was provided additional time in which to do so. [R. 22]. Plaintiff then filed an untitled document, which has been docketed as a "Notice of Filing." [R. 23]. Plaintiff also filed two "Motions," the first of which appears to be her response to the Motion to Dismiss, with the second filing correcting a typographical error in the first response. *See* [R. 24; R. 25]. The Court therefore construes the "Notice of Filing" and the two "Motions" as Responses to Defendants' Motion to Dismiss. Plaintiff has also filed another untitled document, which has been docketed as a "Motion for Communication," [R. 27], and a "Motion," which has been docketed as a "Motion to Accept Letter," [R. 29]. Defendants have not filed a reply to Plaintiff's responses to the Motion to Dismiss, nor have they filed responses to her two pending motions. The time to do so has expired, and this matter is therefore ripe for review. For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss, [R. 10], and deny the remaining motions as moot.

## I. BACKGROUND

Plaintiff, proceeding pro se, filed this civil action on December 5, 2022. [R. 1]. It is difficult to decipher the Complaint, but Plaintiff alleges "predatory criminal practices in housing rights violation, human rights violation, civil Financial exploitation Title 22 M.R.S. 34 § 72 economic exploitation of the elderly, persons with disabilities and minorities." *Id.* at 2. From the best the Court can tell, Plaintiff alleges that her landlord (the Defendants) lied by telling Plaintiff that her rental property was smoke free, and she suffered from secondhand smoke as a result. *Id.* at 2. Plaintiff requests "from this court of evictions and federal court" that the defendants "must disclose to all prospective tenants that this is a full of smoke and marihuana (sic) building apartments and that their lungs and health will definitely negatively affected (sic) and that the health department be informed as well." *Id.* at 3. She also requests that Defendant Cynthia Ramser "pay for the air purifier filter I have to purchase to minimize the damage to my health." *Id.* at 4. Plaintiff admits that she stopped paying rent "in an effort to make this landlord . . . clean the vents and stop the neighbors from smoking inside the building but they refuse (sic)." *Id.* at 6.

Plaintiff further raises issue with the defendants' practice of requiring tenants to provide twelve personal signed checks for rent in advance. *Id.* at 5. For this, Plaintiff requests "this eviction court the federal court (sic) and Mr (sic) Daniel Cameron office attorney General (sic) to investigate this abuses (sic) to minority people the elderly people with disabilities housing rights violations." *Id.* She further requests the return of her security deposit, punitive damages in the amount of five million dollars, moving costs, reimbursement for hiring a "company heating and cooling" to turn her hot water on "after Cynthia Ramser came to [her] apartment and maliciously turn the hot water off (sic)." *Id.* at 7–9. Plaintiff alleges that Cynthia Ramser took these actions

and proceeded with the "illegal eviction" because Plaintiff had given her a letter stating that she intended to vacate the apartment due to smoke. *Id.* at 11.

Defendants responded with an Answer, [R. 9],[1] but then quickly filed this Motion to Dismiss, [R. 10], seeking dismissal of the Complaint in full. In their Answer, Defendants admitted the following facts: In September 2022, Defendant EER Investments, LLC ("EER Investments") entered into a lease agreement with Plaintiff for a certain property in Louisville, Kentucky. [R. 9, ¶ 1(b)]. Plaintiff did not pay rent for November 2022 or December 2022. *Id.* ¶ 1(c). As a result, EER Investments filed a forcible detainer action against Plaintiff, and judgment was granted in EER Investments' favor on December 15, 2022. *Id.* ¶ 1(d). Defendants also admit that they "received a thirty (30) day letter from the Plaintiff stating that she was terminating the lease." *Id.* ¶ 1(e).

In their Motion to Dismiss, [R. 10], Defendants argue that this Court lacks subject matter jurisdiction over this matter, as the allegations in Plaintiff's Complaint fail to evoke federal question jurisdiction. *Id.* at 2–3. Defendants further argue that Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 because it fails to state a short and plain statement of the grounds for jurisdiction and also fails to state a short and plain statement of the case. The Court therefore understands that Defendants seek dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction or, alternatively, for failure to comply with Rule 8. As noted above, Plaintiff has filed various responses to the Motion, *see* [R. 23; R. 24; R. 25], and no reply has been filed.

Plaintiff has since filed the pending "Motion for Communication," [R. 27], in which she asks this Court to "[m]andate a clear verbal communication to the defendants being evicted from

---

[1] Upon correction of certain misnomers, the defendants resubmitted their answer. *See* [R. 16].

their homes [in state court eviction proceedings] that they (the defendant) have the legal right to request a court trial for the eviction." *Id.* at 1. In her "Motion to Accept Letter," [R. 29], Plaintiff asks to "submit[] Into evidence" a letter from Cynthia Ramser, [R. 29-1], as well as other email communications and photographs, [R. 29-2; R. 29-3].

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Under Rule 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A challenge under this rule is either a "facial attack" or a "factual attack." *Ackerman o/b/o Estate of Ackerman v. Berryhill*, No. 3:17-CV-00630-DW, 2018 WL 1440839, *2 (W.D. Ky. Mar. 22, 2018) (citations omitted); *see also Amburgey v. United States*, 733 F.3d 633, 636 (6th Cir. 2013) (citations omitted). A facial attack "questions merely the sufficiency of the pleadings." *Ackerman*, 2018 WL 1440839, at *2 (quoting *Wayside Church v. Van Buren County*, 847 F.3d 812, 817 (6th Cir. 2017), *abrogated on other grounds by Knick v. Township of Scott*, 139 S. Ct. 2162, 2167–68 (2019)) (internal quotation marks omitted). A factual attack, on the other hand, "raises a factual controversy that requires the District Court to 'weigh the conflicting evidence to arrive at the factual predicate that subject matter [jurisdiction] does or does not exist.'" *Id.* (quoting *Wayside Church*, 847 F.3d at 817).

In their Motion to Dismiss, Defendants challenge the sufficiency of the allegations in Plaintiff's Complaint and therefore raise a facial attack on subject matter jurisdiction. *See* [R. 10, pp. 2–3]. When faced with a facial attack on subject matter jurisdiction, "the District Court will take the allegations of the complaint as being true similar to a Rule 12(b)(6) motion to dismiss." *Ackerman*, 2018 WL 1440839, at *2 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Ultimately, the plaintiff, as the party in opposition, "has the burden of

proving subject matter jurisdiction." *Id.* (quoting *Brott v. United States*, 858 F.3d 425, 428 (6th Cir. 2017)) (internal quotation marks omitted).

### B. Rule 8

Pro se pleadings are generally held to less stringent standards than the formal pleadings of represented parties; however, pro se pleadings "must still meet minimum requirements under the Federal Rules of Civil Procedure." *Berryman v. Stein*, 5:20-037-DCR, 2020 WL 2513824, *4 (E.D. Ky. May 15, 2020) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). As such, pro se pleadings must comply with Rule 8, which requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1)–(3). A pleading fails to comply with this rule when it is "so convoluted that it is difficult or impossible to make out intelligible legal claims—in other words, '[t]he district court and defendants should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue.'" *Miller v. Alco Management, Inc.*, No. 22-5825, 2023 WL 2607458, at *1 (6th Cir. Mar. 20, 2023) (quoting *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021)). Ultimately, dismissal under this rule is reviewed for an abuse of discretion. *Id.* (citation omitted).

### III. ANALYSIS

#### A. Lack of Subject Matter Jurisdiction

In their Motion for Judgment on the Pleadings, the defendants first argue that the Court lacks subject matter jurisdiction over this case, as "Plaintiff's Complaint fails to assert Federal subject-matter jurisdiction." [R. 10, p. 2]. As a result, Plaintiff "must show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" *Michigan Southern R.R.*

*Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (quoting *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). As previously noted, Plaintiff bears the burden of establishing subject matter jurisdiction. *Ackerman*, 2018 WL 1440839, at *2.

Having reviewed the Complaint, the Motion to Dismiss, and Plaintiff's various filings, the Court agrees that Plaintiff has failed to satisfy her burden. As an initial matter, the Court notes that there are no allegations that would support diversity jurisdiction, and it appears from the filings in this case that the plaintiff and defendants are Kentucky citizens, thereby defeating diversity jurisdiction. *See generally* [R. 1; R. 9]. There is likewise no clear allegation that any federal laws or provisions of the United States Constitution have been violated or otherwise entitle Plaintiff to relief. In the Complaint, Plaintiff makes vague references to housing rights, human rights, and exploitation of the elderly, persons with disabilities, and minorities. *See* [R. 1, p. 2]. However, she cites to only one statute ("Title 22 M.R.S. 34 § 72," later cited as "22 M.R.S. § 3472 (2022)"), but it is unclear what authority she is citing. *See* [R. 1, p. 2]. In fact, it appears she is referencing Maine state law. *See* 22 Maine Revised Statutes ("M.R.S.") § 3472 (defining certain terms relating to Maine's Adult Protective Services Act). Then, in her "Notice of Filing," which the Court construes as a Response to the Motion to Dismiss, Plaintiff again references "housing rights discrimination . . . because of race, language barrier, ethnicity, age, disability and economic abuse to the elderly and people with disabilities." [R. 23, p. 1]. However, in support of that claim, Plaintiff cites to multiple Kentucky statutes and fails to cite to any federal law or constitutional provision. *Id.* at 1–3. Her responses to the Motion to Dismiss similarly reference "discrimination, retaliation, elderly abuse, [and] violations of housing rights to a vulnerable group of citizens in Louisville, Ky U.S.A.," but fail to cite to any specific state or federal law.

[R. 24; R. 25]. Her most recent motions, [R. 27; R. 29], also fail to address the jurisdiction issues and fail to cite a basis for relief under federal law.[2]

Plaintiff was provided with an opportunity to respond to the subject matter concerns raised by Defendants and did, in fact, file multiple responses. [R. 23; R. 24; R. 25]. However, Plaintiff has not expressed—in her Complaint or her responses—any intent to pursue any *federal* claims, nor has she cited to any federal law or constitutional provision. From this, the Court understands that Plaintiff seeks relief solely under state law, specifically, Maine state law and/or the Kentucky statutes referenced in her "Notice of Filing." [R. 23]. Because the only authority relied upon by the plaintiff is Maine and Kentucky state law, the Court does not observe a concrete basis for federal question jurisdiction.

The Court will therefore grant the Motion to Dismiss to the extent it seeks dismissal of these state law claims for lack of subject matter jurisdiction.

### B. Failure to Comply with Rule 8

As already explained, the Court has reviewed Plaintiff's Complaint and her various filings and, from what the Court can decipher, she attempts to raise purely state law claims. However, the Court acknowledges that Plaintiff makes vague references to housing rights, civil rights, and exploitation of the disabled, elderly, and minorities. [R. 1, p. 2; R. 23, p. 1]. The Court recognizes that some of these allegations, if developed, could potentially support viable claims under the Fair Housing Act or similar federal laws. But as best the Court can tell after reviewing Plaintiff's Complaint and other filings, she does not wish to pursue any such federal claims; instead, she relies solely on Maine and Kentucky state law, as previously noted. To the

---

[2] As a result, the Court will not consider the evidence attached to Plaintiff's "Motion to Accept Letter." [R. 29]. As previously explained, when considering a facial attack to subject matter jurisdiction, the Court considers the allegations in the Complaint. *See Ackerman*, 2018 WL 1440839, at *2.

extent that Plaintiff *does* wish to pursue claims under these federal laws, she has failed to identify any such federal law or cause of action and has not developed her factual allegations to address the elements of such claims.

Thus, to the extent that Plaintiff has attempted to bring a *federal* claim, the Court finds that her Complaint violates Rule 8. The Complaint runs afoul of this rule because it does not contain a "short and plain statement of the claim[s] showing that [she] is entitled to relief" and its allegations are not "simple, concise, and direct," as required by the rule. Fed. R. Civ. P. 8(a)(2), (d)(1). These requirements ensure that a plaintiff's factual allegations "do more than create a speculation of a legally cognizable cause of action" and instead "show entitlement to relief and give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Berryman*, 2020 WL 2513824, at *4 (quoting *Twombly*, 550 U.S. at 555). But here, Plaintiff has written her complaint in a lengthy and confusing narrative format and has failed to clearly identify any causes of action, state or federal, against these defendants. Her Complaint "is difficult to follow because it contains many superfluous details, which she has failed to connect to any particular legal claims." *Id.* As a result, neither the Court nor Defendants have been given fair notice of which federal claims, if any, Plaintiff has attempted to pursue. And, as already noted, the Complaint lacks "a short and plain statement of the grounds for the court's jurisdiction," another requirement of Rule 8.

The appropriate remedy for violations of Rule 8 "is rarely immediate dismissal." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 652 (6th Cir. 2021). However, in cases where a party has been granted multiple opportunities to comply with the rule but "has persisted in noncompliance," dismissal is appropriate. *Id.* at 653 (citations omitted). Here, the Complaint does not clearly identify any federal law or federal cause of action, and Plaintiff has repeatedly failed to identify

any such claims, despite filing multiple responses to the Motion to Dismiss. From what the Court can tell, Plaintiff either does not wish to pursue any such federal claims or, at worst, has repeatedly failed to develop her factual allegations to support such claims. If the latter is true, and Plaintiff *did* intend to pursue federal claims, her Complaint violates Rule 8 and fails to put the Defendants on fair notice of those claims.

Accordingly, to the extent that Plaintiff has attempted to raise claims under the Fair Housing Act or other federal law, the Court will dismiss those claims without prejudice to Plaintiff's right to file a new pleading that identifies any federal causes of action that she wishes to pursue, in compliance with Rule 8.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Defendants' Motion to Dismiss, [R. 10], under Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiff's state law claims will therefore be dismissed. Further, to the extent that Plaintiff has attempted to bring federal claims, such claims are dismissed without prejudice for failure to comply with Rule 8. Because the Court is granting the Motion to Dismiss, it will deny Plaintiffs' "Motion for Communication," [R. 27], and "Motion to Accept Letter," [R. 29], as moot.

Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Dismiss, [**R. 10**], is **GRANTED**. Plaintiff's state law claims are **DISMISSED** for lack of subject matter jurisdiction. To the extent that Plaintiff attempts to bring federal claims, such claims are **DISMISSED without prejudice**.

2. Plaintiff's "Motion for Communication," [**R. 27**], and "Motion to Accept Letter," [**R. 29**], are **DENIED as moot**.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

This the 28th day of April, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY